IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Ryan G. Arnold, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Allied Interstate, Inc., a Minnesota corporation, and North Star Capital Acquisitions, LLC, a Minnesota limited liability company, | ) 1:10-cv-0509 RLY-TAB |
| Defendants. | ) Jury Demanded |

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 APR 23 PM 3:58
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

## COMPLAINT

Plaintiff, Ryan G. Arnold, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.  Plaintiff, Ryan G. Arnold ("Arnold"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed originally for Capital One credit card.

4. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Arnold.

5. Defendant, North Star Capital Acquisitions, LLC ("North Star"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts throughout the State of Indiana and throughout the Southern District of Indiana. In fact, North Star was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Arnold.

6. Defendant North Star is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Accordingly, North Star operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.

## FACTUAL ALLEGATIONS

7. Mr. Arnold fell behind in paying his Capital One credit card, but he worked out a payment plan with Capital One and resolved the account. At some point in time, Defendant North Star bought that debt after it was in default. When Defendants began trying to collect the Capital One debt from Mr. Arnold, by sending him an initial collection

2

letter, dated November 10, 2009, he sought legal counsel. A copy of this letter is attached as Exhibit A.

8. On January 2, 2010, one of Mr. Arnold's attorneys wrote to Defendants to dispute the validity of the debt -- because Mr. Arnold had resolved the debt with Capital One -- and demanded that Defendants cease collections. Mr. Arnold also sent Defendants a token payment to go away. A copy of this letter is attached as Exhibit B.

9. Via a letter dated January 8, 2010, Defendants responded to the attorney by returning the check. Accordingly, on January 27, 2010, Mr. Arnold's attorney again disputed the validity of the debt and demanded validation of same. A copy of this letter is attached as Exhibit C.

10. Despite being advised that Mr. Arnold was represented by counsel, that he did not owe, and disputed, the debt and that he had requested that Defendants cease collections, Defendants directly called Mr. Arnold on April 9 and April 13, 2010, to demand payment of the Capital One debt.

11. Accordingly, Mr. Arnold's attorney wrote Defendant Allied on April 13, 2010 to demand that Allied cease contacting Mr. Arnold. A copy of this letter is attached as Exhibit D.

12. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letters (Exhibits B and C) from Mr. Arnold's attorney told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

17. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendants knew that Mr. Arnold was represented by counsel in connection with this debt because his attorney had informed Defendant, in writing

4

(Exhibits B and C), that he was represented by counsel. By directly calling Mr. Arnold on April 9 and 13, 2010, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

21.  Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ryan G. Arnold, prays that this Court:

1.  Find that Defendants' debt collection actions violated the FDCPA;

2.  Enter judgment in favor of Plaintiff Arnold, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ryan G. Arnold, demands trial by jury.

Ryan G. Arnold

By: _____
One of Plaintiff's Attorneys

Dated:  April 23, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com